**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVIERAY FOWLER, | |
| Petitioner | CIVIL ACTION NO. 3:25-CV-02180 |
| v. | (MEHALCHICK, J.) |
| ADAM OGLE, | |
| Respondent. | |

**MEMORANDUM**

StevieRay Fowler, incarcerated at the York County Prison, seeks to challenge his pretrial detention through a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. *See* (Doc. 1). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, Rule 4 (also applicable to § 2241 petitions under Rule 1(b)); *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

## I. BACKGROUND AND PROCEDURAL HISTORY

Fowler's petition concerns his detention in the York County Prison pursuant to a charge of obstruction in the investigation of child abuse. *See Commonwealth v. Fowler*, No. CP-67-CR-0006156-2025 (York Cty. Ct. Com. Pl.); 18 Pa.C.S. § 4958(b). He attempts to challenge his pretrial detention on nine grounds: "Unlawful Detention of the Wrong Person," "Arrest Warrant Issued for a Non-Existent Entity," "Fabricated Identity Evidence," "Coerced Extradition," "Lack of Personal Jurisdiction," "No Statutory Basis for § 4958(b) Charge,"

"Retaliatory Prosecution," "Unlawful Compelled Attendance at CYS Hearing," and "No UCCJEA Jurisdiction in the Underlying Matter."

## II.    DISCUSSION

Petitioners seeking habeas corpus relief prior to final conviction and sentence in state court may only obtain such relief if (a) they make "a special showing of the need" for habeas corpus relief and have exhausted state court remedies or (b) "extraordinary circumstances" justify habeas corpus relief. *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (citing *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484 (1973)). This discretionary jurisdiction "must be exercised sparingly in order to prevent . . . 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (unpublished) (citing *Moore*, 515 F.2d at 445–46); *see also Werkheiser v. Shoemaker*, No. 3:25-CV-1068, 2025 WL 1888223, at *4 (M.D. Pa. July 8, 2025) (noting that "some district courts in the Third Circuit decline to consider Section 2241 habeas petitions filed by petitioners with unresolved state criminal charges under *Younger* abstention").

A review of the relevant docket indicates that Fowler is represented by counsel, has been arraigned, has had bail set, and is awaiting a pre-trial conference. *See Fowler*, No. CP-67-CR-0006156-2025 (York Cty. Ct. Com. Pl.).[1] The petition does not present "extraordinary circumstances" justifying habeas relief, such as bad faith or harassment, but simply lists

---

[1] Fowler attaches two motions that he describes as having been "ignored" by the Magisterial District Court, with no further explanation. *See* (Doc. 1 at 9); *Commonwealth v. Fowler*, No. MJ-19105-CR-0000372-2025 (M.D.J. 19-1-05). However, it does not appear that Fowler has been denied access to the appropriate state procedures, nor does the petition suggest a "special need" for federal habeas intervention prior to trial. *See Moore*, 515 F.2d at 445-46 (cautioning against the exercise of habeas review to "abort a trial in the state courts" by seeking dismissal of the pending state charges).

arguments regarding the underlying charge that could be raised at the appropriate stage of the criminal proceedings. *See*, *e.g.*, *Torres v. Briggs*, No. 1:23-CV-00976, 2023 WL 4553376, at *3-4 (M.D. Pa. July 14, 2023) (citing *Moore*, 515 F.2d at 447 n.12).

## III.    CONCLUSION

Accordingly, for the reasons set forth above, Fowler's petition will be dismissed. Because jurists of reason would not find the procedural disposition of this case debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), no certificate of appealability will issue. An appropriate order follows.

**Dated: March 20, 2026**                          *s/ Karoline Mehalchick*
                                                                      **KAROLINE MEHALCHICK**
                                                                      **United States District Judge**

3